IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:05 CR 300 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Peter C. Economus |
| v. | ) | |
| | ) | |
| THOMAS HESTAND, | ) | |
| | ) | PLEA AGREEMENT |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, and the defendant, THOMAS HESTAND (hereinafter "Defendant"), agree as follows:

*plea.agreement.wpd*

*Defendant's Initials:*

Plea Agreement of THOMAS HESTAND - page 2 of 13

# MAXIMUM PENALTIES AND OTHER
## CONSEQUENCES OF PLEADING GUILTY

1.    **Waiver of Constitutional Trial Rights.**  Defendant understands that

Defendant has the right to plead not guilty and go to trial.  At trial, Defendant would be

presumed innocent, have the right to trial by jury or the Court, with the consent of the

United States, the right to the assistance of counsel, the right to confront and cross-

examine adverse witnesses and subpoena witnesses to testify for the defense, and the right

against compelled self-incrimination.  Defendant understands that Defendant has the right

to an attorney at every stage of the proceeding and, if necessary, one will be appointed to

represent Defendant.  Defendant understands that, if Defendant pleads guilty and that plea

is accepted by the Court, there will not be a further trial of any kind, so that by pleading

guilty Defendant waives the right to a trial.

2.    **Maximum Sentence.**  The statutory maximum sentence for the charge in

the Indictment to which Defendant agrees to plead guilty is as follows:

| Count(s) | Statute | Maximum sentence per count |
|----------|---------|----------------------------|
| 1 | 18 U.S.C. § 2422(b) | Imprisonment:30 years<br>Fine: $250,000.00<br>Supervised release: Life |

Defendant's Initials: _____

Plea Agreement of THOMAS HESTAND - page 3 of 13

3.  **Minimum sentence must include imprisonment.** The sentence for the offense charged in count 1 may not be satisfied by a term of probation and must include a period of imprisonment not less than 5 years.

4.  **Sentencing Guidelines.** Defendant understands that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of sentencing in determining a reasonable sentence.

5.  **Special Assessment.** Defendant will be required to pay a mandatory special assessment of $100.00, due immediately upon sentencing.

6.  **Costs.** The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

7.  **Restitution.** The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

8.  **Violation of Probation/Supervised Release.** If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of incarceration or other additional penalty as imposed by the Court. In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

*Defendant's Initials:*

Plea Agreement of THOMAS HESTAND - page 4 of 13

## ELEMENTS OF THE OFFENSE

9.　　The elements of the offense to which Defendant will plead guilty are:

| Count 1: 18 U.S.C. § 2422(b)  Coercion and Enticement | |
|---|---|
| One: | Defendant knowingly persuaded, induced, enticed, coerced, or attempted to persuade, induce, entice, or coerce, any individual who has not attained the age of 18 years old, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense; and |
| Two: | Defendant did so by use of the mails or any facility or means of interstate or foreign commerce, or within the special maritime jurisdiction and territorial jurisdiction of the United States. |

## AGREEMENTS AND STIPULATIONS OF THE PARTIES

### GUILTY PLEA / OTHER CHARGES

10.　　**Agreement to Plead Guilty.**  Defendant agrees to plead guilty to the Indictment in this case.

### FACTUAL BASIS

The parties stipulate to the following facts, which satisfy all of the elements of the offense to which Defendant agrees to plead guilty.

11.　　Between May 19, 2005, and June 3, 2005, Defendant participated in communication with an individuals whom he thought to be an adult woman and her

*plea.agreement.wpd*　　　　　　　　　　　　　　　　　　　　　*Defendant's Initials:* ＿＿＿＿＿

Plea Agreement of THOMAS HESTAND - page 5 of 13

twelve-year-old daughter, but in reality were undercover police officers. Such

communication consisted of instant message conversations, e-mails, and telephone calls.

12.     On at least one occasion, on May 26, 2005, Defendant communicated with

whom he thought to be the twelve year-old girl via Instant Messenger. During said

communication, Defendant attempted to persuade, induce, entice and coerce the

individual whom he thought to be a twelve year-old girl to engage in sexual intercourse

with him.

13.     The Instant Messages described in paragraphs 11 and 12 were

communicated through America Online, located in Dulles, Virginia. During all

communication described in paragraphs 11 and 12, the undercover police officers were

located in the Northern District of Ohio, Eastern Division.

## WAIVER OF APPEAL AND POST-CONVICTION ATTACK

14.     Defendant acknowledges having been advised by counsel of Defendant's

rights, in limited circumstances, to appeal the conviction or sentence in this case,

including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction

or sentence collaterally through a post-conviction proceeding, including a proceeding

under 28 U.S.C. § 2255. The Defendant expressly waives those rights, except as reserved

below. Defendant reserves the right to appeal: (a) any punishment in excess of the

statutory maximum; (b) any sentence to the extent it exceeds the minimum mandatory

*plea.agreement.wpd*                                    *Defendant's Initials:* _____

Plea Agreement of THOMAS HESTAND - page 6 of 13

sentence and maximum of the sentencing range determined under the advisory Sentencing

Guidelines in accordance with the sentencing stipulations and computations in this

agreement, using the Criminal History Category found applicable by the Court; (c) any

alleged errors in the calculation of Defendant's Criminal History Category. Nothing in

this paragraph shall act as a bar to the Defendant perfecting any legal remedies Defendant

may otherwise have on appeal or collateral attack respecting claims of ineffective

assistance of counsel or prosecutorial misconduct.

## SENTENCING STIPULATIONS AND AGREEMENTS

15.     **Recommendation to Use the Sentencing Guidelines Computation.** The

parties agree to recommend that the Court impose a sentence within the range determined

pursuant to the advisory Sentencing Guidelines in accordance with the computations and

stipulations set forth below. The government will not request a sentence higher than the

advisory Sentencing Guidelines range, unless the maximum of the range is below the

minimum mandatory sentence, in which case, the government will recommend the

minimum mandatory sentence, and the defendant will not request a sentence lower than

the advisory Sentencing Guidelines range.

16.     **Stipulated Guideline Computation.** The parties agree that the following

calculation, using the Guidelines Manual effective November 1, 2004, represents the

*plea.agreement.wpd*

*Defendant's Initials:*

Plea Agreement of THOMAS HESTAND - page 7 of 13

correct computation of the applicable offense level in this case.  The parties agree that no

other Sentencing Guideline adjustments apply.

| Counts 1        Guideline § 2G1.3 | | |
|---|---|---|
| Base offense level | 24 | § 2G1.3(a) |
| Use of Computer | +2 | § 2G1.3(b)(3) |
| **Subtotal** | 26 | |

17.     **Acceptance of Responsibility.**  The USAO has no reason to believe at this

time that Defendant has not clearly and affirmatively accepted personal responsibility for

Defendant's criminal conduct.  Defendant understands, however, that the Court will

determine acceptance of responsibility based on Defendant's overall conduct as of the date

of sentencing.

18.     **Criminal History Category.**  The parties have no agreement as to the

Criminal History Category applicable in this case.  Defendant understands that the Criminal

History Category will be determined by the Court after the completion of a Pre-Sentence

Investigation by the U.S. Probation Office.

19.     **Special Conditions of Supervised Release or Parole**.

A)    Defendant shall consent to the U.S. Probation Office conducting periodic

unannounced examinations of his computer system(s), which may include retrieval and

copying of all memory from hardware/software and/or removal of such system(s) for the

*plea.agreement.wpd*

*Defendant's Initials:*  _____

Plea Agreement of THOMAS HESTAND - page 8 of 13

purpose of conducting a more thorough inspection and will consent to having installed on

his computer(s), at his expense, any hardware/software to monitor his computer use or

prevent access to particular materials.  Defendant hereby consents to periodic inspection of

any such installed hardware/software to insure it is functioning properly. Defendant shall

provide the U.S. Probation Office with accurate information about his entire computer

system (hardware/software); all passwords used by him; and his Internet Service

Provider(s); and will abide by all rules of the Computer Restriction and Monitoring

Program.  Defendant shall submit to his person, residence place of business, computer,

and/or vehicle, to a warrantless search conducted and controlled by the United States

Probation Office at a reasonable time and in a reasonable manner, based upon reasonable

suspicion of contraband or evidence of a violation of a condition of release. Failure to

submit to a search may be grounds for revocation. Defendant shall inform any other

residents that the premises and his computer may be subject to a search pursuant to this

condition.

    B)    Defendant shall not associate or have verbal, written, telephone, or electronic

communication with any person under the age of 18 except (1) in the presence of the parent

or legal guardian of said minor and (2) on the condition that Defendant notifies said parent

or legal guardian of his conviction in the instant offense. This provision does not encompass

*Defendant's Initials*: _____

Plea Agreement of THOMAS HESTAND - page 9 of 13

persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom Defendant must deal in order to obtain ordinary and usual commercial services.

Defendant shall not associate, in person or in any other manner, with any individual whom he suspects to have a sexual interest in or attraction to minors (persons under the age of eighteen), nor shall he correspond with any such individual, without the prior express written approval of the probation officer.

Defendant shall not seek, obtain or maintain any residence, employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way, without the prior express written approval of the probation officer.

Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facility, or other places primarily used by persons under the age of 18.

Defendant's residence and employment shall be approved by the probation officer, and any change in residence and/or employment must be approved by the probation officer. Defendant shall submit any proposed changes to residence and/or employment to the probation officer at least 20 days prior to any intended changes.

Defendant shall not frequent or loiter within 100 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where

*plea.agreement.wpd*

*Defendant's Initials:*

Plea Agreement of THOMAS HESTAND - page 10 of 13

persons under the age of 18 play, congregate, or gather, without the prior express written approval of the probation officer.

Defendant will comply with all applicable requirements to register as a sexual offender.

At the direction of the probation officer, Defendant shall participate in an outpatient mental health program, including treatment for sexual deviancy, which may include polygraph testing.

## OTHER PROVISIONS

20. **Agreement Silent as to Matters Not Expressly Addressed.** This agreement is silent as to all aspects of the determination of sentence not expressly addressed herein, and the parties are free to advise the Court of facts and to make recommendations to the Court with respect to all aspects of sentencing not agreed to herein.

21. **Sentencing Recommendations Not Binding on the Court.** Defendant understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the applicable sentencing range under the advisory Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside of the Guidelines, and what sentence to impose. Defendant further understands that once the Court has accepted Defendant's guilty plea, Defendant will not have the right to

*plea.agreement.wpd*

*Defendant's Initials:*

Plea Agreement of THOMAS HESTAND - page 11 of 13

withdraw such a plea if the Court does not accept any sentencing recommendations made on

Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

22.     **Consequences of Breaching the Plea Agreement.**  Defendant understands

that if Defendant breaches any promise in this agreement or if Defendant's guilty plea or

conviction in this case are at any time rejected, vacated, or set aside, the USAO will be

released from all of its obligations under this agreement and may institute or maintain any

charges and make any recommendations with respect to sentencing that would otherwise be

prohibited under the terms of the agreement.  Defendant understands, however, that a breach

of the agreement by Defendant will not entitle Defendant to withdraw, vacate, or set aside

Defendant's guilty plea or conviction.

23.     **Agreement not Binding on other Jurisdictions and Agencies.**  Defendant

understands that this plea agreement is binding only on the United States Attorney's Office

for the Northern District of Ohio (USAO).  It does not bind any other United States

Attorney, any other federal agency, or any state or local government.

24.     **Defendant is Satisfied with Assistance of Counsel.**  Defendant makes the

following statements:  I acknowledge receiving the assistance of counsel from attorney

Charles Fleming concerning this plea agreement.  I have fully discussed with my attorney all

of my Constitutional trial and appeal rights, the nature of the charges, the elements of the

offenses the United States would have to prove at trial, the evidence the United States would

*plea.agreement.wpd*                                            *Defendant's Initials:*  ____

Plea Agreement of THOMAS HESTAND - page 12 of 13

present at such trial, the Sentencing Guidelines, and the potential consequences of pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defense that I may have to those charges, and all personal and financial circumstances in possible mitigation of sentence. My attorney has done everything I have asked my attorney to do and I am satisfied with the legal services and advice provided to me by my attorney and believe that my attorney has given me competent and effective representation.

25.    **Agreement Is Complete and Voluntarily Entered.**  Defendant and Defendant's undersigned attorney state that this agreement constitutes the entire agreement between Defendant and the USAO and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

*plea.agreement.wpd*                                                    *Defendant's Initials:*  _____

Plea Agreement of THOMAS HESTAND - page 13 of 13

## SIGNATURES

**Defendant:** I have read this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I have read, understood, and approved the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement.

THOMAS HESTAND                              12-14-05

THOMAS HESTAND                              Date

**Defense Counsel:** I have read this plea agreement and concur in Defendant pleading in accordance with terms of the agreement. I have explained this plea agreement to Defendant, and to the best of my knowledge and belief, Defendant understands the agreement.

Charles Fleming, Esq.                       12/14/05

Charles Fleming, Esq.                       Date

**United States Attorney's Office:** I accept and agree to this plea agreement on behalf of the United States Attorney for the Northern District of Ohio.

                                            12/14/05

Michael A. Sullivan                         Date
Assistant U. S. Attorney (#0064338)
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3977; (216) 522-2403 (facsimile)
E-mail:Michael.A.Sullivan@usdoj.gov

**APPROVED:**

                                            12-14-05

Peter C. Economus                           Date
UNITED STATES DISTRICT JUDGE

*plea.agreement.wpd*                        *Defendant's Initials:*